UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

ERNETTE BARNES,

     Plaintiff,

vs.

CARNIVAL CORPORATION,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERNETTE BARNES, by and through undersigned counsel, sues the Defendant, CARNIVAL CORPORATION, and alleges:

### GENERAL ALLEGATIONS

1. The Plaintiff, ERNETTE BARNES, is a U.S. citizen and resident of New York and is otherwise, *sui juris*.

2. Defendant, CARNIVAL CORPORATION ("CARNIVAL" or "Defendant"), is a corporation with its principal place of business in Miami, Florida.

3. This is an action for damages which exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and the Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

4. The Court also has subject matter jurisdiction, pursuant to 28 U.S.C. §1333.

5. At all material times, Defendant, CARNIVAL, owned, operated, managed, maintained and/or controlled the cruise ship commonly referred to as Carnival *Radiance* (the "Vessel"), including the medical department.

6. On or about January 26, 2025, and at all material times, Plaintiff was a fare-paying passenger aboard the Vessel on navigable waters.

7. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Radiance*.

8. Further, CARNIVAL issued a cruise ticket contract which required that any claims relating to personal injuries that Plaintiff may sustain in connection to the subject cruise be brought in this Court and within this District as opposed to anywhere else in the world.

9. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and/or the laws of the State of Florida. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38 and/or the Savings to Suitors clause, Plaintiff hereby demands a jury trial on all claims asserted herein.

### **FACTS COMMON TO ALL COUNTS**

10. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Radiance*.

11. At all times material hereto, Defendant had exclusive custody and control of the vessel,

*Radiance*.

12. On or about January 26, 2025, the Plaintiff was a fare paying passenger aboard the *Radiance*, which at all times material was in navigable waters.

13. On or about January 26, 2025, the Plaintiff sustained severe injuries when the shower handrail she was using in her stateroom shower detached from the wall, causing her to fall (hereinafter referred to as the "subject area").

14. The hazardous condition of the handrail was not open and obvious, and the Plaintiff had no way of knowing the existence of the hazardous condition. There was nothing the Plaintiff could have done to prevent her incident.

15. At all material times hereto, Defendant knew or should have known of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area, and/or (c) Defendant was informed on January 23, 2025, prior to Plaintiff's incident, that the handrail in the subject stateroom shower had broken off the wall. Defendant attempted to remedy the problematic subject handrail; however, the handrail broke again three days later, causing Plaintiff to fall. Separately, for prior similar incidents, *see Randall Brand v. Carnival*, Case No. 15-20919 (S.D. Fla. 2015) (Plaintiff was holding onto the safety handle in his stateroom shower while drying his body, when the safety handle broke, causing Plaintiff to fall out of the shower and strike his head on the bathroom sink), *Edith Saint Juste v. Carnival*, Case No. 23-cv-24126-RKA (S.D. Fla. 2023) (Plaintiff slipped and fell in her stateroom bathroom, onboard the Carnival Sunrise, while existing the tub due to lack of support handles), *Monica Palmer v. Carnival*, Case No. 23-cv-23513-CMA (S.D. Fla. 2023) (Plaintiff was sitting on

3

the shower chair in her stateroom bathroom, when the subject shower chair detached from the wall, causing her to fall).  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of the dangerous condition posed by the subject handrail and corrected it. Defendant was previously informed on January 23, 2025, during the subject cruise, that the handrail broke from the wall, and thereafter Defendant attempted, improperly, to reattach the handrail to the wall.

16. On or about January 26, 2025, Defendant and/or its agents, employees and/or crewmembers breached Defendant's duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

  a. Failure to reasonably warn Plaintiff of a hazard on and/or dangerous condition(s) associated with the subject handrail, i.e. that the handrail was not properly secured to the wall;

  b. Failure to reasonably warn Plaintiff of prior fall accidents involving the same or similar handrail or handrails aboard the subject vessel, her sister ships, or aboard Defendant's other vessels; and/or

  c. Failure to reasonably warn Plaintiff of Defendant's failure to:

     i. Reasonably maintain the subject handrail in a reasonably safe condition; and/or

     ii. Adequately inspect the subject handrail for dangerous conditions.

17. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but are not limited to:

  a. The subject area where Plaintiff fell is an area where CARNIVAL's crewmembers routinely clean and monitor. CARNIVAL's crewmembers did and/or should have observed the dangerous conditions pertaining to the subject area outlined above prior to the time of Plaintiff's incident;

  b. Prior to Plaintiff's injury-producing incident, outlined above, Defendant was informed on January 23, 2025, that the subject handrail broke. Defendant improperly reattached the handrail to the wall as it broke again on January 26, 2025, causing Plaintiff to fall and sustain injury.

4

c. As per Defendant's policies and procedures, Defendant's crewmembers did and/or should have continuously monitored the subject handrail to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injury.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

18. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

19. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers, including the Plaintiff of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, including the Plaintiff, are invited to or may reasonably be expected to visit.

20. On or about January 26, 2025, Plaintiff was using her stateroom shower  onboard the *Radiance*, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be during the cruise.

21. On or about January 26, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

a. Failure to adequately warn of the hazardous flooring condition of the subject handrail;

b. Failure to adequately warn of the risks and dangers associated with the unreasonably hazardous flooring condition of the subject handrail;

c. Failure to adequately warn of the hazard(s) posed to passengers, including the Plaintiff, due to improper and/or inadequate maintenance and/or inspection of the subject handrail;

d. Failure to adequately warn of other accidents previously occurring in the same

area and/or similar type of handrails under substantially similar circumstances;

e.　　　Failure to adequately warn the Plaintiff of the poorly maintained handrail.

22. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

23. At all times material hereto, the subject area was not properly or adequately maintained so as to warn passengers, including the Plaintiff, of the hazardous threshold and/or flooring surface, thereby creating a dangerous and/or hazardous condition.

24. At all material times hereto, Defendant knew or should have known of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area, and/or (c) Defendant was informed on January 23, 2025, prior to Plaintiff's incident, that the handrail in the subject stateroom shower had broken off the wall. Defendant attempted to remedy the problematic subject handrail; however, the handrail broke again three days later, causing Plaintiff to fall. Separately, for prior similar incidents, see Randall Brand v. Carnival, Case No. 15-20919 (S.D. Fla. 2015) (Plaintiff was holding onto the safety handle in his stateroom shower while drying his body, when the safety handle broke, causing Plaintiff to fall out of the shower and strike his head on the bathroom sink), Edith Saint Juste v. Carnival, Case No. 23-cv-24126-RKA (S.D. Fla. 2023) (Plaintiff slipped and fell in her stateroom bathroom, onboard the Carnival Sunrise, while existing the tub due to lack of support handles), Monica Palmer v. Carnival, Case No. 23-cv-23513-CMA (S.D. Fla. 2023) (Plaintiff was sitting on the shower chair in her stateroom bathroom, when the subject shower chair detached from the wall, causing her to

6

fall).  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of the dangerous condition posed by the subject handrail and corrected it. Defendant was previously informed on January 23, 2025, during the subject cruise, that the handrail broke from the wall, and thereafter Defendant attempted, improperly, to reattach the handrail to the wall.

25. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap, loss wages, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a trial by jury, as well as any further relief as this Court deems just and appropriate.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

26. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. On or about January 26, 2025, Defendant and/or its agents, servants and/or employees

breached its duty through the following acts and/or omissions:

a. Failure to adequately maintain the subject handrail in a safe manner so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

b. Failure to adequately and regularly inspect the subject handrail for unsafe conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel; and/or

c. Failure to adequately and regularly inspect the subject handrail to determine whether the subject threshold and/or flooring was hazardous in nature and/or dangerous; and/or

d. Failure to maintain the subject handrail in a reasonably safe condition; and/or

e. Failure to adequately and regularly monitor the subject handrail to maintain it free of hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel.

f. Other negligent acts and/or omissions that may be revealed in discovery.

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

29. At all times material hereto, the subject area was not properly or adequately maintained or inspected so that passengers, including the Plaintiff, could walk aboard the vessel in a reasonably safe manner, thereby creating a dangerous and/or hazardous condition.

30. At all material times hereto, Defendant knew or should have known of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area, and/or (c) Defendant was informed on January 23, 2025, prior to Plaintiff's incident, that the handrail in the subject stateroom shower had broken off the wall. Defendant attempted to remedy the problematic subject handrail; however, the handrail

8

broke again three days later, causing Plaintiff to fall. Separately, for prior similar incidents, see Randall Brand v. Carnival, Case No. 15-20919 (S.D. Fla. 2015) (Plaintiff was holding onto the safety handle in his stateroom shower while drying his body, when the safety handle broke, causing Plaintiff to fall out of the shower and strike his head on the bathroom sink), Edith Saint Juste v. Carnival, Case No. 23-cv-24126-RKA (S.D. Fla. 2023) (Plaintiff slipped and fell in her stateroom bathroom, onboard the Carnival Sunrise, while existing the tub due to lack of support handles), Monica Palmer v. Carnival, Case No. 23-cv-23513-CMA (S.D. Fla. 2023) (Plaintiff was sitting on the shower chair in her stateroom bathroom, when the subject shower chair detached from the wall, causing her to fall). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of the dangerous condition posed by the subject handrail and corrected it. Defendant was previously informed on January 23, 2025, during the subject cruise, that the handrail broke from the wall, and thereafter Defendant attempted, improperly, to reattach the handrail to the wall.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap, loss wages, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law

against Defendant and demands a trial by jury, as well as any further relief as this Court deems just and appropriate.

<u>**COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT**</u>

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

32. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33. At all times material, Defendant through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

g. Failure to provide passengers, including Plaintiff, with a reasonably safe handrail to use in the subject stateroom shower;

h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject handrail is adequately and regularly inspected, monitored, cleaned and maintained free of hazardous conditions and/or hazards where passengers like Plaintiff are expected to use the subject stateroom bathroom;

i. Failure to properly train, supervise and/or monitor crewmembers to make sure the subject handrail was properly adhered to the wall;

j. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident; and/or

34. At all material times hereto, Defendant knew or should have known of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area, and/or (c) Defendant was informed on January

23, 2025, prior to Plaintiff's incident, that the handrail in the subject stateroom shower had broken off the wall. Defendant attempted to remedy the problematic subject handrail; however, the handrail broke again three days later, causing Plaintiff to fall. Separately, for prior similar incidents, see Randall Brand v. Carnival, Case No. 15-20919 (S.D. Fla. 2015) (Plaintiff was holding onto the safety handle in his stateroom shower while drying his body, when the safety handle broke, causing Plaintiff to fall out of the shower and strike his head on the bathroom sink), Edith Saint Juste v. Carnival, Case No. 23-cv-24126-RKA (S.D. Fla. 2023) (Plaintiff slipped and fell in her stateroom bathroom, onboard the Carnival Sunrise, while existing the tub due to lack of support handles), Monica Palmer v. Carnival, Case No. 23-cv-23513-CMA (S.D. Fla. 2023) (Plaintiff was sitting on the shower chair in her stateroom bathroom, when the subject shower chair detached from the wall, causing her to fall). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of the dangerous condition posed by the subject handrail and corrected it. Defendant was previously informed on January 23, 2025, during the subject cruise, that the handrail broke from the wall, and thereafter Defendant attempted, improperly, to reattach the handrail to the wall.

35. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap, loss wages, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these

losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a trial by jury, as well as any further relief as this Court deems just and appropriate.

## COUNT IV – GENERAL NEGLIGENCE AGAINST DEFENDANT FOR CONDUCT OF ITS CREWMEMBER(S) BASED ON A THEORY OF VICARIOUS LIABILITY

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) above as though alleged originally herein, and further alleges:

36. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

37. On or about January 26, 2025, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions, for which Defendant is vicariously liable:

    a.   Failure to provide a reasonably safe stateroom shower;

    b.   Failure to properly repair the stateroom shower handrail so that it would not fall off the wall;

    c.   Failure to adequately inspect the subject handrail to ensure it was properly adhered to the wall and not loose.

38. At all material times hereto, Defendant knew or should have known of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area, and/or (c) Defendant was informed on January 23, 2025, prior to Plaintiff's incident, that the handrail in the subject stateroom shower had broken

off the wall. Defendant attempted to remedy the problematic subject handrail; however, the handrail broke again three days later, causing Plaintiff to fall. Separately, for prior similar incidents, see Randall Brand v. Carnival, Case No. 15-20919 (S.D. Fla. 2015) (Plaintiff was holding onto the safety handle in his stateroom shower while drying his body, when the safety handle broke, causing Plaintiff to fall out of the shower and strike his head on the bathroom sink), Edith Saint Juste v. Carnival, Case No. 23-cv-24126-RKA (S.D. Fla. 2023) (Plaintiff slipped and fell in her stateroom bathroom, onboard the Carnival Sunrise, while existing the tub due to lack of support handles), Monica Palmer v. Carnival, Case No. 23-cv-23513-CMA (S.D. Fla. 2023) (Plaintiff was sitting on the shower chair in her stateroom bathroom, when the subject shower chair detached from the wall, causing her to fall). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of the dangerous condition posed by the subject handrail and corrected it. Defendant was previously informed on January 23, 2025, during the subject cruise, that the handrail broke from the wall, and thereafter Defendant attempted, improperly, to reattach the handrail to the wall.

39. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap, loss wages, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a trial by jury, as well as any further relief as this Court deems just and appropriate.

Dated: January 6, 2026

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Ste. 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Ashley E. Wentz*
**ASHLEY E. WENTZ**
Florida Bar No. 1054401
awentz@lipcon.com