UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 26-CV-20054-PCH

ERNETTE BARNES,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

                                  /

### DEFENDANT, CARNIVAL CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, (hereinafter "CARNIVAL") by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Plaintiff, ERNETTE BARNES', Complaint for damages contained in the Complaint, and states as follows:

### ANSWER

1. Paragraph 1 is denied for lack of knowledge.

2. Other than to admit that this Honorable Court has *en personam* jurisdiction over this Defendant, Paragraph 2 is denied.

3. With regard to Paragraph 3, Defendant admits only that this Honorable Court has subject matter jurisdiction over this action pursuant to its Admiralty and Maritime jurisdiction and

that venue is proper pursuant to the parties' passenger ticket contract.  Otherwise, Paragraph 3 is denied and particularly denied with regard to the amount in controversy.

4.     Other than to admit that this Honorable Court has *en personam* jurisdiction over this Defendant, Paragraph 4 is denied.

5.     With regard to Paragraph 5, other than to admit that Defendant may be deemed the owner and operator of the Carnival Radiance for purposes of this litigation only.  Otherwise, Paragraph 5 is denied.

6.     Paragraph 6 is admitted.

7.     Other than to admit that this Honorable Court has *en personam* jurisdiction over this Defendant, that venue is proper in this Court pursuant to the parties' passenger ticket contract, and that it may be deemed the owner and operator of the Carnival Radiance for purposes of this litigation only, Paragraph 7 is denied.

8.     With regard to Paragraph 8, Defendant admits only that venue is proper in this Honorable Court pursuant to the parties' passenger ticket contract.

9.     With regard to Paragraph 9, Defendant admits only that this matter arises under the General Maritime Laws of the United States.  Otherwise, denied.  Defendant does not object to Plaintiff's request for a jury trial.

10.    With regard to Paragraph 10, other than to admit that Defendant may be deemed the owner and operator of the Carnival Radiance for purposes of this litigation only.  Otherwise, Paragraph 10 is denied.

11.    Paragraph 11 is denied.

12.    Paragraph 12 is admitted.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is denied.

## COUNT I – FAILURE TO WARN

Defendant adopts and re-alleges its answers to the allegations contained in paragraphs 1 through 17, as if fully set forth herein.

18.     Paragraph 18 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Defendant admits only that the applicable standard is "reasonable care under the circumstances".

19.     Paragraph 19 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Defendant admits only that the applicable standard is "reasonable care under the circumstances".

20.     Paragraph 20 is denied.

21.     Paragraph 21, inclusive of sub-parts, is denied.

22.     Paragraph 22 is denied.

23.     Paragraph 23 is denied.

24.     Paragraph 24 is denied.

25.     Paragraph 25 is denied.

## COUNT II –NEGLIGENT FAILURE TO MAINTAIN

Defendant adopts and re-alleges its answers to the allegations contained in paragraphs 1 through 17, as if fully set forth herein.

26.     Paragraph 26 is a statement of law to which Defendant is not required to admit or deny.  To the extent that an answer is required, Defendant admits only that the applicable standard is "reasonable care under the circumstances".

27.     Paragraph 27, inclusive of all sub-parts, is denied.

28.     Paragraph 28 is denied.

29.     Paragraph 29 is denied.

30.     Paragraph 30 is denied.

31.     Paragraph 31 is denied.

## COUNT III – GENERAL NEGLIGENCE

Defendant adopts and re-alleges its answers to the allegations contained in paragraphs 1 through 17, as if fully set forth herein.

32.     Paragraph 32 is a statement of law to which Defendant is not required to admit or deny.  To the extent that an answer is required, Defendant admits only that the applicable standard is "reasonable care under the circumstances".

33.     Paragraph 33, inclusive of all sub-parts, is denied.

34.     Paragraph 34 is denied.

35.     Paragraph 35 is denied.

## COUNT IV – VICARIOUS LIABILITY

Defendant adopts and re-alleges its answers to the allegations contained in paragraphs 1 through 17, as if fully set forth herein.

36. Paragraph 36 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Defendant admits only that the applicable standard is "reasonable care under the circumstances".

37. Paragraph 37, inclusive of all sub-parts, is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Defendant does not object to Plaintiff's request for a jury trial.

41. The Defendant, CARNIVAL, denies all allegations of the Complaint which are not specifically admitted.

42. The Defendant, CARNIVAL, denies Plaintiff is entitled to judgment of the relief sought.

43. Any and all allegations pertaining to any negligence or liability of the Defendant, CARNIVAL, are specifically denied.

WHEREFORE, having fully answered the Complaint, the Defendant, CARNIVAL, demands that the Complaint be **Dismissed with Prejudice** to and at the cost of Plaintiff.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, CARNIVAL CORPORATION states as follows:

**FIRST AFFIRMATIVE DEFENSE**

For its First Affirmative Defense, CARNIVAL CORPORATION avers that the negligence, actions and/or misaction of the Plaintiff was the sole and proximate cause of any and all injuries or damages as alleged in the Complaint, and as such, the Plaintiff's right to recovery is either barred or shall be reduced pursuant to the doctrine of Comparative Negligence.  For example, Plaintiff failed to exercise reasonable care for her own safety in the manner in which she traversed the subject area; and failed to avoid the subject condition which she alleges caused or contributed to her accident.

**SECOND AFFIRMATIVE DEFENSE**

For its Second Affirmative Defense, CARNIVAL CORPORATION asserts that the Plaintiff's action is precluded, limited and/or controlled by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage.  Defendant incorporates the passenger ticket contract herein by reference.

**THIRD AFFIRMATIVE DEFENSE**

For its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate her damages, if any, thus precluding or diminishing the Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries. For example, Plaintiff failed to follow the directions and instructions of her doctors and therapist to rehabilitate her injury.  Investigation and discovery are ongoing, as Defendant does not have possession of Plaintiff's complete medical records.

**FOURTH AFFIRMATIVE DEFENSE**

For its Fourth Affirmative Defense, the Defendant further affirmatively alleges, without admitting liability, Defendant further affirmatively avers, that Plaintiff's medical expenses are

excessive, unreasonable and unnecessary; her past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written-off, not submitted and/or which plaintiff was not required to pay.

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein.  Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery she obtains herein must be limited to the percentage of aggravation she suffered as a result of this alleged accident.  For example, Plaintiff may have had pre-existing, degenerative conditions with regard to her back and extremities.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein are barred or should be accordingly reduced.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant alleges federal maritime law to the exclusion of state law controls this action.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant avers it owed a duty of reasonable care to the Plaintiff herein and that this Defendant complied with and otherwise fulfilled its duty to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, the Defendant further affirmatively avers that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of this Defendant and any such injuries are unrelated to the incident at issue and as such, the Plaintiffs are unable to recover of this Defendant.

## TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, the Defendant avers that it had no notice, actual, constructive or otherwise of any dangerous condition which the Plaintiff alleges was the proximate cause of her damages and as such, the Defendant herein is not liable to the Plaintiff herein based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

For its Eleventh Affirmative Defense, the Defendant avers that the crewmember did not have permission and was not authorized to act in the manner he/she did during the time of the alleged accident

## TWELFTH AFFIRMATIVE DEFENSE

For its Twelfth Affirmative Defense, the Defendant avers that the crewmember was acting outside the course and scope of their employment and duties at the time of the alleged accident and Defendant had no control over the crewmember's actions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

For its Thirteenth Affirmative Defense, the Defendant avers that the Defendant established and implemented with due care reasonable practices and procedures to effectively prevent incidents such as the one alleged in the complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 29th, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
DONNISE DESOUZA WEBB, ESQ
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(786) 397-2024 Direct Phone
(305) 599-2600 Ext. 18073 Assistant's Phone
(305) 406-4732 Telefax

By:____ *s/ Donnise DeSouza Webb, Esq.*
        Donnise DeSouza Webb, Esq
        FLA. BAR NO: 879398

## SERVICE LIST

| DONNISE DESOUZA WEBB, ESQ. <br> ddesouza@carnival.com <br> Secondary: dtrester@carnival.com <br> CARNIVAL CORPORATION <br> 3655 N.W. 87th Avenue <br> Miami, FL 33178 <br> Telephone: (305) 406-4838 <br> Facsimile: (305) 406-4732 <br> Attorney for Defendant, CARNIVAL | ASHLEY E. WENTZ, ESQ. <br> awentz@lipcon.com <br> LIPCON, MARGULIES & WINKLEMAN, P.A. <br> 2800 Ponce de Leon Blvd., Suite 1480 <br> Coral Gables, FL 33134 <br> Telephone: (305) 373-3016 <br> Facsimile: (305) 373-6204 <br> Attorney for Plaintiff, BARNES |
|---|---|

[Service via CM/ECF Notice of Electronic Filing]